Filed 7/27/22  P. v. Murphy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUDY JAMES MURPHY,<br><br>Defendant and Appellant. | C093199<br><br>(Super. Ct. No. 96F09069) |

Defendant Rudy James Murphy appeals from a postjudgment order denying his petition for resentencing under former Penal Code section 1170.95.[1]  Defendant argues the trial court erred in engaging in factfinding and not accepting the allegations of his petition as true.  Defendant also challenges the underlying verdict and argues the jury's finding of robbery-murder special circumstances does not preclude his eligibility for

---

[1]  Further undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  In this opinion, we shall continue to refer to this section as former section 1170.95.

1

resencing as a matter of law because those findings were made prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). He further argues he was denied the ability to present evidence and witnesses in violation of former section 1170.95 and his due process rights and argues cumulative errors violated his right to due process. We shall affirm.[2]

## I. BACKGROUND

We set forth the facts of this case in our unpublished opinion affirming the judgment on direct appeal in *People v. Murphy* (April 24, 2001, C029954) [nonpub. opn.] (*Murphy*).

R.F., her sister M.F., and her boyfriend T.B. checked into a motel. There, they met the victim, Jeffrey Stetka, who was staying in a room nearby. (*Murphy, supra,* C029954.)

Defendant and his friend, Aaron, joined R.F. and T.B. at the motel. The four went to Stetka's room, rummaged through his stuff looking for a gun, and took some of his clothes. (*Murphy, supra,* C029954.)

Later that evening, Stetka joined the group in R.F.'s room. They drank and smoked methamphetamine. Stetka returned to his own room after he became intoxicated. After he left, defendant, Aaron, and M.F. hatched a plot to steal Stetka's gun. R.F. implored the group not to do this and went to Stetka's room to urge him to leave the motel. Stetka was lying on his bed and would not get up. (*Murphy, supra,* C029954.)

M.F. went to Stetka's room to make sure he was asleep and to leave the door open for defendant and Aaron. Defendant and Aaron went to Stetka's room and when M.F. joined them, she saw Aaron take a knife out of Stetka's body. The group took various items from the victim's room. (*Murphy, supra,* C029954.)

---

[2] Defendant filed a timely notice of appeal on November 30, 2020, and the matter was fully briefed on May 11, 2022.

Defendant, Aaron, and M.F. sold items they took from Stetka's room. The trio went to Aaron's girlfriend's house. There, they showed her the sports jerseys and caps they took from Stetka's room. Defendant was nervous and wanted to know what was being reported on the news. (*Murphy, supra,* C029954.)

The prosecution filed an amended information charging defendant and Aaron with murder. (§ 187, subd. (a).) The information further alleged this crime was a serious felony and both defendant and Aaron used a knife in the commission of the murder. (§§ 1192.7, subd. (c)(1), 12022, subd. (b).) The information also charged them with robbery and alleged this offense was a serious felony. (§§ 211, 1192.7, subd. (c)(19)) The information alleged special circumstances allegations that defendant and Aaron committed the murder during the commission of a robbery or a burglary. (§ 190.2, subd. (a)(17).)

After trial, the jury convicted defendant of robbery (§ 211) and first degree murder with the robbery special circumstances (§§ 187, subd. (a), 190.2, subd. (a)(17)(A).) (*Murphy, supra,* C029954.) It found not true the allegation defendant used a knife in the commission of the crime. (§ 12022, subd. (b).) Contrasted with its true robbery special circumstances finding, the jury also found not true the special allegation defendant committed the murder during the commission of a burglary. (§ 190.2, subd. (a)(17).) The trial court sentenced defendant to life without the possibility of parole and we affirmed the judgment on appeal. (*Murphy, supra,* C029954.)

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) and former section 1170.95 to have his murder conviction vacated, and to be resentenced. In his petition, defendant checked the boxes stating he was convicted of murder and could not now be convicted of murder because of the changes made to sections 188 and 189 effective January 1, 2019. He further checked the boxes he was not the actual killer; he did not, with the intent to kill aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the

3

commission of the murder; and he was not a major participant in the felony or did not act with reckless disregard to human life in the course of the crime.

After the trial court appointed counsel for defendant, it received briefing from both parties.

In ruling on the petition, the trial court reviewed the facts of the case presented to the jury, the jury instructions, and our prior decision. Based on this review, the trial court found the evidence was overwhelming that defendant planned to murder and rob the victim and solicited assistance from Aaron and M.F. It found the evidence demonstrated defendant was the actual killer, or if he was not, he aided and abetted the crime, with the intent to kill. It further found defendant was a major participant and acted with reckless indifference to human life. As a result, the court denied the petition.

## II. DISCUSSION

Defendant argues the trial court should not have engaged in fact finding, but rather should have issued an order to show cause and set this matter for an evidentiary hearing because he established a prima facie case he was entitled to relief. Defendant further argues the trial court's finding he was the actual killer is contravened by the jury's findings at trial. He argues the jury's special circumstance finding should not bar his petition as a matter of law because it was decided before our Supreme Court clarified the law in *Banks* and *Clark*, and the evidence was insufficient under these cases to support the special circumstance finding. He argues the denial of his petition denied him the right to offer new evidence in violation of former section 1170.95 and his due process rights, and there was cumulative error. The People respond the jury's special circumstance finding under section 190.2, subdivision (a)(17), that the murder occurred during a robbery, demonstrates defendant is ineligible for relief as a matter of law, and there were no due process violations. We agree with the People.

4

*A.     Legal Background*

Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability.  (Stats. 2018, ch. 1015, §§ 2 & 3.)  As relevant here, Senate Bill 1437 also added former section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for resentencing, if they could not be convicted of first or second degree murder because of changes to sections 188 or 189 by the bill.  (Stats. 2018, ch. 1015, § 4; former § 1170.95, subd. (a).)

Former section 1170.95, subdivisions (b) and (c) create a process for evaluating a petitioner's eligibility for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.)  The trial court initially determines whether the petition is facially sufficient under former section 1170.95, subdivision (b).  (*Lewis, supra*, at p. 960.)  If the petition is facially sufficient, then, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute.  (*Lewis, supra*, at p. 966.)[3]  Following the completion of briefing, the trial court then determines whether the petitioner has made a prima facie showing he or she is entitled to relief.  (*Ibid.*)

_____

[3] During the pendency of this appeal, the Legislature also enacted Senate Bill No. 775 which moved the requirement to appoint counsel to former section 1170.95, subdivision (b)(3). (Stats. 2021, ch. 551, § 2; former § 1170.95, subd. (b)(3), eff. Jan. 1, 2022.) Senate Bill No. 775 also amended former section 1170.95, subdivision (c) to require the court to "hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to

As our Supreme Court recently explained: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for [former] section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

## B.    *Application*

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) On its face, this special circumstance finding satisfies the requirements for accomplice murder liability even after the changes in law made by Senate Bill 1437. (§ 189, subd. (e).)

At trial, the jury found true this special circumstances allegation that defendant committed the murder of Stetka during the commission of the robbery. In so doing, the

<hr>

relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (Stats. 2021, ch. 551, § 2; former § 1170.95, subd. (c).) Because we conclude *post* defendant is not entitled to relief as a matter of law, the failure to hold this hearing is harmless.

jury necessarily found defendant either participated in the robbery with the intent to kill the victim, or at a minimum, he was a major participant who acted with reckless indifference to human life. Because under either finding, he could still be found guilty of felony murder even after the enactment of Senate Bill 1437, he is ineligible for resentencing as a matter of law.

Defendant argues the jury's special circumstance finding is not entitled to dispositive weight because the jury made these findings before the Supreme Court clarified the analysis as to who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. We disagree.

Whether a true felony-murder special circumstance finding under section 190.2, subdivision (a)(17) should preclude a defendant from making a prima facie showing of entitlement to relief if that finding predated the Supreme Court's decisions in *Banks, supra,* 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522 is an issue that has been the subject of great debate and is presently pending before the California Supreme Court. (See *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606.) Until we receive further guidance from the California Supreme Court, we find *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284, review dismissed and cause remanded April 13, 2022, and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*), more persuasive on this issue than the cases to the contrary.

We further reject defendant's attempts to impugn the preclusive effect of those findings. As explained in *Allison*: "Nothing in the language of section [former] 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. In particular, subdivision (a)(3) of [former] section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires the petitioner could not be convicted of murder because of the changes to sections 188 and 189, not because a prior fact finder got the facts wrong. The purpose

of [former] section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison, supra*, 55 Cal.App.5th at p. 461, italics omitted.)

As defendant observes, the trial court's ruling here was based on its review of the evidence and jury instructions and the findings the trial court made based on that review. To the extent the court may have engaged in impermissible factfinding, there is no reversible error because defendant is ineligible for resentencing as a matter of law based on the jury's special circumstance finding. We review the result, not the trial court's reasoning (*People v. Zapien* (1993) 4 Cal.4th 929, 976), and the result defendant is ineligible for resentencing as a matter of law is correct.

## C. *Due Process*

Defendant argues the trial court violated his due process rights to present additional evidence, witnesses, testimony, and documents under former section 1170.95 and under the Fourteenth Amendment due process clause.

As demonstrated *ante*, because defendant is ineligible for resentencing as a matter of law, former section 1170.95 did not require the trial court to issue an order to show cause where evidence would be taken. (Former § 1170.95, subds. (a), (c), (d)(3).)

As a matter of federal due process, defendant's claim similarly lacks merit. Defendant cites no authority supporting his claim he is entitled to present testimonial or documentary evidence in an evidentiary hearing in support of his posttrial motion seeking to set aside the final judgment where he failed to establish a prima facie case for relief. All of the cases cited by defendant stand for the well-established constitutional proposition a defendant is entitled to present evidence, testimony, and documents at a trial or hearing designed to determine his or her guilt or innocence in the first instance. (*E.g., Chambers v. Mississippi* (1973) 410 U.S. 284, 294 [right to present evidence at trial].) Defendant's argument ignores the fact he already had this opportunity at his

8

original trial.  Moreover, the appellate courts have uniformly rejected the claim a defendant's Sixth Amendment right to a jury trial is violated when the court, and not a jury, decides the issues presented in a former 1170.95 petition.  (See, e.g., *People v. James* (2021) 63 Cal.App.5th 604, 608-611, and cases cited therein.)  We find these cases instructive and reject this claim of error.

D.      *Cumulative Error*

We reject defendant's contention that reversal is required based on the cumulative effect of the alleged errors.  "We have identified no errors; there is, accordingly, nothing to cumulate."  (*People v. Duff* (2014) 58 Cal.4th 527, 568.)

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

HOCH, J.